UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| **FREDY EDUARDO MARTINEZ-SANTOS,** §<br>§<br>*Petitioner*, §<br>§<br>v. §<br>§<br>**KRISTI NOEM**, Secretary of the United §<br>States Department of Homeland Security; §<br>**UNITED STATES DEPARTMENT OF** §<br>**HOMELAND SECURITY**; **TODD** §<br>**LYONS**, Acting Director of Immigration and §<br>Customs Enforcement; **PAMELA BONDI**, §<br>Attorney General of the United States; §<br>**MARY DE ANDA-YBARRA**, Director of §<br>the El Paso Field Office of U.S. Immigration §<br>and Customs Enforcement, Enforcement and §<br>Removal Operations; **IMMIGRATION** §<br>**AND CUSTOMS ENFORCEMENT**; *and* §<br>**WARDEN**, ERO El Paso Camp East §<br>Montana, §<br>*Respondents*. § | **EP-25-CV-00655-DCG** |

## ORDER TO SHOW CAUSE

Petitioner Fredy Eduardo Martinez-Santos ("Martinez-Santos" or "Petitioner") challenges his detention pursuant to 28 U.S.C. § 2241.[1] The issues raised in his Petition require an answer from Respondents. The Court therefore **ORDERS** Respondents to show cause why the Court should not grant a writ of habeas corpus.

---

[1] *See generally* Pet., ECF No. 1.

I.  **Background**

For the purposes of this Order only, the Court presumes the following facts are true. Martinez-Santos is an eighteen-year-old citizen of Honduras and recent high school graduate.[2] He entered the United States without inspection in 2022, turned himself in, and was released after being detained for nine days.[3] On September 14, 2025, United States Immigration and Customs Enforcement ("ICE") stopped and detained Martinez-Santos while he was delivering food for DoorDash on his bicycle.[4] Martinez-Santos has been in ICE custody since then.

On December 11, 2025, Martinez-Santos filed the instant "Petition for Writ of Habeas Corpus" (ECF No. 1) while detained at Camp East Montana in El Paso, Texas.[5] Martinez-Santos argues that his continued detention without a bond hearing (1) results from a misapplication of the mandatory detention provision at 8 U.S.C. § 1225(b)(2); (2) violates the Due Process Clause of the Fifth Amendment; *and* (3) results from ICE's violation of 8 U.S.C. § 1226 and 8 C.F.R. § 1003.19.[6] He asks the Court to order his immediate release or a constitutionally adequate bond hearing.[7]

---

[2] *Id.* at 13.

All page citations in this Order refer to the page numbers assigned by the Court's CM/ECF system, rather than the internal pagination of the cited document.

[3] *Id.* at 13, 14.

[4] *Id.* at 15.

[5] *Id.* at 11.

[6] *Id.* at 71–73.

[7] *Id.* at 2.

Martinez-Santos seeks the following relief: (1) an order for Respondents to show cause "within three days" why the Petition should not be granted; (2) a declaratory judgment stating that "EWI noncitizens encountered in the interior long after their entry who are placed in removal proceedings and are not described by [8 U.S.C.] § 1226(c) or 8 C.F.R. § 1003.19(h)(2) are entitled to a bond hearing before a neutral adjudicator;" (3) a bond hearing "within three days" or immediate release from detention; *and* (4) fees and costs.[8]

Martinez-Santos concurrently filed a "Motion for Temporary Restraining Order" (ECF No. 2), asking the Court to order his immediate release or a bond hearing after Respondents are given the opportunity to show cause.[9]

## II.   Discussion

### A.   Habeas Corpus Petition

Under 28 U.S.C. § 2241, a detainee may challenge his confinement as unlawful by filing a habeas corpus petition.[10] The Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") specify what the Court must do after receiving such a petition. Although the Habeas Rules govern petitions filed under 28 U.S.C. § 2254, they apply also to petitions filed pursuant to § 2241.[11]

---

[8] *Id.* at 73–74.

[9] *See generally* Mot. TRO, ECF No. 2.

[10] 28 U.S.C. § 2241(c) (requiring petitioner to show that he is "in custody in violation of the Constitution or laws or treaties of the United States"); *see also Zadvydas v. Davis*, 533 U.S. 678, 688 (2001) ("We conclude that § 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention.").

[11] *See* Rules Governing Section 2254 Cases ("Habeas Rules"), Rule 1(a) ("These rules govern a petition for a writ of habeas corpus filed in a United States district court under 28 U.S.C. § 2254"); *see*

Habeas Rule 4 directs that the Court "examine" a petition and "dismiss" it "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to any relief."[12] If dismissal is not appropriate, the Court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted."[13] Should the petition survive prescreening, "the judge *must* order the respondent[s] to file an answer, motion, or other response within a fixed time, or to take other action the judge may order."[14] 28 U.S.C. § 2243 requires that the response "be returned within three days" or "not exceeding twenty days."[15] However, this Court and others have held that courts have "discretionary authority" to alter the "strict time limits prescribed by § 2243."[16]

Having preliminarily examined the foregoing petition, the Court concludes that (1) summary dismissal is not appropriate, and (2) an extension of the default response time is not

---

*also* Habeas Rule 1(b) ("The district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)").

*See also Perez v. Hijar*, No. 22–50904, 2023 WL 4559366, at *1 (5th Cir. July 17, 2023) ("Rule 1(b) of the rules governing § 2254 cases articulates that these rules may apply to other habeas corpus petitions as well").

[12] *See* Habeas Rule 4; *see also Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) ("The district court has the power under Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state.").

[13] 28 U.S.C. § 2243.

[14] Habeas Rule 4; *see also* 28 U.S.C. § 2243 (requiring that the district court issue the order "forthwith"); *Simpson v. Ortiz*, 995 F.2d 606, 609 (5th Cir. 1993) (concluding that a district court complied with the "forthwith" requirement by issuing a show cause order "just twenty-one days after [the] petition was filed").

[15] 28 U.S.C. § 2243.

[16] *See, e.g., Y.V.S. v. Wolf*, No. 3:20-cv-228-DCG, 2020 WL 4926545, at *1 (W.D. Tex. Aug. 21, 2020) (collecting cases) (reasoning that because Congress approved the Habeas Rules in 1976 and enacted § 2243 in 1948, the former governs the district court's authority to set response deadlines).

warranted. The Court will therefore order Respondents to show cause within three days why the Court should not grant Martinez-Santos's Petition. If necessary, the Court will order a hearing or additional briefing after reviewing the parties' filings.

**B.      Motion for Temporary Restraining Order**

The purpose of a temporary restraining order ("TRO") or preliminary injunction ("PI") "is to preserve the status quo and prevent irreparable injury until the court renders a decision on the merits."[17] Therefore, the movant must show: "(1) a substantial likelihood of success on the merits, (2) a substantial threat that [the movant] will suffer irreparable harm if the injunction is not granted, (3) that the threatened injury outweighs any damage that the injunction might cause the [non-movant], and (4) that the injunction will not disserve the public interest."[18] When the Government is the opposing party, the third and fourth factors will merge.[19]

Martinez-Santos moves for his immediate release, or in the alternative, a bond hearing.[20] In support, he argues that "[f]or nearly thirty years, bond hearings before a neutral IJ were the status quo for noncitizens who were EWI [entered without inspection] and not [otherwise excepted]."[21] However, *his* status quo is that he is detained at Camp East Montana in El Paso,

---

[17] *Sambrano v. United Airlines, Inc.*, No. 21-11159, 2022 WL 486610, at *4 (5th Cir. Feb. 17, 2022) (citing *Canal Auth. of Fla. v. Callaway*, 489 F.2d 567, 576 (5th Cir. 1974)).

[18] *Nichols v. Alcatel USA, Inc.*, 532 F.3d 364, 372 (5th Cir. 2008) (citing *Planned Parenthood of Hous. & S.E. Tex. v. Sanchez*, 403 F.3d 324, 329 (5th Cir. 2005)).

[19] *Nat. Ass'n for Gun Rights, Inc. v. Garland*, 697 F. Supp. 3d 601, 620 (N.D. Tex. 2023) (citing *Nken v. Holder*, 566 U.S. 418 (2009)).

[20] *See* Mot. TRO, at 27.

[21] *See id.* at 26.

Texas.[22] Even if the Court accepted his argument, the Motion requests the ultimate relief laid out in the Petition, and briefing on both filings would likely be duplicative.[23] The Court therefore denies the "Motion for Temporary Restraining Order" (ECF No. 2).

## III.   Conclusion

For the foregoing reasons, the Court **ORDERS** Respondents to file a response to the "Petition for Writ of Habeas Corpus" (ECF No. 1) by no later than **December 18, 2025**. This response must identify each factual allegation contained in the Petition that Respondents dispute. Martinez-Santos may file a reply within **three days** of service of the response.[24] If necessary, the Court will order a hearing or additional briefing upon review of the pleadings.

The Court **DENIES** Petitioner's "Motion for Temporary Restraining Order" (ECF No. 2).

**IT IS FINALLY ORDERED** that the District Clerk shall **SERVE** copies of the "Petition for Writ of Habeas Corpus" (ECF No. 1), "Motion for Temporary Restraining Order" (ECF No. 2), and this Order upon Respondents and the United States Attorney in El Paso, Texas.[25]

---

[22] *See* Pet., at 14.

[23] By contrast, this Court has found that the relevant status quo in immigration habeas cases is the *detention* being challenged by the Petitioner. *See, e.g.*, Order, *Machuca-Mejia v. Ybarra*, 3:25-CV-00641-DCG (W.D. Tex. Dec. 15, 2025), ECF No. 4 (ordering Respondents not to transfer or remove Petitioner during the pendency of the case or until further order by the Court).

[24] *See generally* FED. R. CIV. P. 6(a) (providing methods for computing time).

[25] *See* Habeas Rule 4 ("[T]he clerk must serve a copy of the petition and any order on the respondent[s] and on the attorney general or other appropriate officer of the state involved.").

**So ORDERED and SIGNED this 15th day of December 2025.**

_____
**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**