**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **FREDY EDUARDO MARTINEZ-SANTOS,** | § § § § § | |
| *Petitioner*, | § § | |
| v. | § § | |
| **MARKWAYNE MULLIN**, Secretary of the United States Department of Homeland Security; **UNITED STATES DEPARTMENT OF HOMELAND SECURITY**; **TODD LYONS**, Acting Director of Immigration and Customs Enforcement; **PAMELA BONDI**, Attorney General of the United States; **MARY DE ANDA-YBARRA**, Director of the El Paso Field Office of U.S. Immigration and Customs Enforcement, Enforcement and Removal Operations; **IMMIGRATION AND CUSTOMS ENFORCEMENT**; *and* **WARDEN**, ERO El Paso Camp East Montana, | § § § § § § § § § § § § § § § § § | **EP-25-CV-00655-DCG** |
| *Respondents*. | § | |

**ORDER FOR PARTIES TO NOTIFY COURT IF**
**GOVERNMENT ORDERS PETITIONER REMOVED**

Fredy Eduardo Martinez-Santos ("Petitioner") challenges his detention under 28 U.S.C. § 2241.[1] The docket presently indicates that the Government has not issued an order of removal against Petitioner.[2] The Court recognizes, however, that the Government might have issued an order of removal against Petitioner after the parties completed their briefing on the Petition. If so,

---

[1] *See generally* Pet., ECF No. 1.

[2] *Compare, e.g.*, *id.* at 14–15 (stating only that Petitioner was detained without "the opportunity for a bond hearing") *with* Resp., ECF No. 4, at 4 (stating that Petitioner is in "'full' removal proceedings").

a different analytical framework may apply.[3] The Court thus depends on the parties to promptly file a notice if the Government enters an order of removal against Petitioner. Otherwise, the Court will evaluate the Petition under the assumption that no such order exists.

If any party becomes aware that (1) the Government has issued an order of removal against Petitioner; and/or (2) that order of removal has become final,[4] that party **SHALL INFORM** the Court **AS SOON AS POSSIBLE**.

Finally, now that Markwayne Mullin has succeeded Kristi Noem as the Secretary of the Department of Homeland Security, the Court **DIRECTS** the Clerk of Court to **SUBSTITUTE** Secretary Mullin in Former Secretary Noem's place as a Respondent in the above-captioned case.[5]

**So ORDERED and SIGNED this 30th day of March 2026.**

**DAVID C. GUADERRAMA
SENIOR U.S. DISTRICT JUDGE**

---

[3] *See Zadvydas v. Davis*, 533 U.S. 678, 701 (2001).

[4] *See* 8 C.F.R. § 1241.1 (explaining how "[a]n order of removal made by the immigration judge at the conclusion of proceedings under section 240 of the Act shall become final").

[5] *Compare* Pet. at 13 ("Ms. Noem has ultimate custodial authority over Petitioner and is sued in her official capacity"), *with* FED. R. CIV. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name . . . . The court may order substitution at any time . . . .").