**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **FREDY EDUARDO MARTINEZ-SANTOS,** | § § § | |
| *Petitioner*, | § § | |
| v. | § § § | |
| **MARKWAYNE MULLIN,** Secretary of the United States Department of Homeland Security; **UNITED STATES DEPARTMENT OF HOMELAND SECURITY;** **TODD LYONS,** Acting Director of Immigration and Customs Enforcement; **TODD BLANCHE,** Acting Attorney General of the United States; **MARY DE ANDA-YBARRA,** Director of the El Paso Field Office of U.S. Immigration and Customs Enforcement, Enforcement and Removal Operations; **IMMIGRATION AND CUSTOMS ENFORCEMENT;** *and* **WARDEN,** ERO El Paso Camp East Montana, | § § § § § § § § § § § § § § § § § § § § § § | **EP-25-CV-00655-DCG** |
| *Respondents*. | § | |

## ORDER REQUIRING RESPONDENTS TO RESPOND TO PETITIONER'S NOTICE

On May 6, 2026, the Court ordered Respondents to either:

(1)     "provide Petitioner with a bond hearing before an Immigration Judge"; or

(2)     "release Petitioner from custody under reasonable conditions of supervision"

by May 13, 2026.[1]  The Court further ordered Respondents to file an advisory "containing

---

[1] Order Granting Petition, ECF No. 9, at 12.

All page citations in this Order refer to the page numbers assigned by the Court's CM/ECF system, rather than the cited document's internal pagination.

(1) detailed reasons for the bond hearing decision; or (2) confirmation of Petitioner's release."[2]

On May 18, 2026, Respondents timely informed the Court that "on May 12, 2026, an immigration judge ordered Petitioner released from custody under bond of $10,000.00."[3]  The Court took that as an indication that the Government had released Petitioner on bond.

As it turns out, though, that may not be the case.  On May 26, 2026, the Court received a "Emergency Notice of Non-Compliance with Court Order" from Petitioner.[4]  Although that *pro se* filing was improper considering that Petitioner is represented by counsel here,[5] its content nonetheless caught the Court's attention.  Petitioner alleges that "despite compl[ying] with the conditions imposed by the Immigration Judge"—including paying his bond—"Respondents have failed and refused to release Petitioner from custody."[6]  And, upon checking ICE's Online Detainee Locator System, it appears that Petitioner is indeed currently at the El Paso Service Processing Center.[7]

The Court wishes to hear from Respondents before forming any conclusions.  The Court therefore **ORDERS** Respondents to respond to Petitioner's "Emergency Notice of Non-

---

[2] *Id.* at 13.

[3] *See* Resp'ts' Advisory, ECF No. 10.

[4] *See* Pet'r's Notice, ECF No. 11, at 1.  While the Court received the Notice on May 26, 2026, the Notice itself suggests that Petitioner placed it in the mail for filing on May 20, 2026.  *See id.* (indicating that Petitioner signed the Notice on "05/20/2026").

[5] *See Goliakov v. Noem*, No. EP-25-CV-00613-DCG, 2026 WL 822445, at *1 (W.D. Tex. Mar. 24, 2026) (explaining that parties may not submit filings *pro se* when they are represented by counsel for the purposes of a given case).

*See also, e.g.*, Pet., ECF No. 1, at 1 (reflecting that Petitioner is represented by Mr. Dan Gividen).

[6] *See* Pet'r's Notice at 1.

[7] *See* Online Detainee Locator System, https://locator.ice.gov/odls/#/search (last visited May 28, 2026).

Compliance with Court Order" (ECF No. 11) **no later than Monday, June 1, 2026, at 5:00 PM**

**Mountain Time**.

In their response, Respondents **SHALL INDICATE**:

(1)     whether the Government has released Petitioner; and

(2)     if not, the reason(s) that Petitioner hasn't been released, with citations to legal authority.

The Court further **ADMONISHES** Petitioner that while he "has a right to represent

himself *or* be represented by an attorney, . . . he cannot have it both ways."[8]  That means that he

may not file his own documents while he is represented by an attorney in this case.

The Clerk of Court **SHALL MAIL** this Order to the following addresses:[9]

Fredy Eduardo Martinez-Santos
El Paso Service Processing Center
8915 Montana Avenue
El Paso, TX 79925

*and*

Fredy Eduardo Martinez-Santos
ERO El Paso Camp East Montana
6920 Digital Road
El Paso, TX 79936

*and*

Fredy Eduardo Martinez-Santos
252 Princeton St., Apt. 1
Boston, MA 02128.

---

[8] *See Wolf v. City of Port Arthur*, No. 1:20-CV-00465, 2023 WL 5321075, at *1 (E.D. Tex. Aug. 17, 2023) (quoting *McCulloch v. Velez*, 364 F.3d 1, 5 (1st Cir. 2004)), *aff'd*, No. 23-40528, 2024 WL 1504341 (5th Cir. Apr. 8, 2024).

[9] Petitioner mailed his Notice with a return address of 252 Princeton St., Apt. 1, Boston, MA 02128.  Pet'r's Notice at 2.  Though Petitioner's return address suggests that he isn't at the El Paso Processing Center—and, thus, may not be in the Government's custody—anymore, the Court will wait to hear from Respondents before forming any conclusions.

- 4 -

**So ORDERED and SIGNED this 28th day of May 2026.**

**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**