UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| FREDY EDUARDO MARTINEZ-SANTOS, | § § § § | |
| *Petitioner*, | § | |
| v. | § § | |
| MARKWAYNE MULLIN, Secretary of the United States Department of Homeland Security; | § § § | |
| UNITED STATES DEPARTMENT OF HOMELAND SECURITY; | § § § | |
| TODD LYONS, Acting Director of Immigration and Customs Enforcement; | § § § | EP-25-CV-00655-DCG |
| TODD BLANCHE, Acting Attorney General of the United States; | § § § | |
| MARY DE ANDA-YBARRA, Director of the El Paso Field Office of U.S. Immigration and Customs Enforcement, Enforcement and Removal Operations; | § § § § | |
| IMMIGRATION AND CUSTOMS ENFORCEMENT; *and* | § § § | |
| WARDEN, ERO El Paso Camp East Montana, | § § § | |
| *Respondents*. | § § | |

## FINAL JUDGMENT

On May 6, 2026, the Court granted Petitioner Fredy Eduardo Martinez-Santos's Petition

for Writ of Habeas Corpus.[1] Respondents timely informed the Court that "on May 12, 2026, an

immigration judge ordered Petitioner released from custody under bond of $10,000.00."[2]

---

[1] Order Granting Petition, ECF No. 9, at 12; *see also* Pet., ECF No. 1.

[2] *See* Resp'ts' 1st Advisory, ECF No. 10.

Petitioner later alerted the Court that "despite compl[ying] with the conditions imposed by the Immigration Judge"—including paying his bond—"Respondents have failed and refused to release Petitioner from custody."[3] On June 1, 2026, Respondents filed a notice that "Petitioner was released from ICE custody on May 29, 2026, on an order of supervision."[4]

Petitioner has now obtained the habeas relief to which he is entitled, so there appears to be nothing further for the Court to do in this case. The Court now enters its Final Judgment under Federal Rule of Civil Procedure 58.[5]

There being no just cause for delay, this is a **FINAL** and **APPEALABLE** judgment.

The Court **CLOSES** the above-captioned case.

**So ORDERED and SIGNED this 2nd day of May 2026.**

_____

**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**

---

[3] *See* Pet'r's Notice, ECF No. 11, at 1.

[4] Resp'ts' 2d Advisory, ECF No. 13, at 1.

[5] FED. R. CIV. P. 58(a) ("Every judgment and amended judgment must be set out in a separate document . . . .").

*See* RULES GOVERNING SECTION 2254 CASES ("Habeas Rules"), Rule 1(a) ("These rules govern a petition for a writ of habeas corpus filed in a United States district court under 28 U.S.C. § 2254").

*See also* Habeas Rule 1(b) ("The district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)"); Habeas Rule 12 ("The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules.").